IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 AUG 15   AM 11: 31

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF T   MEMPHIS

UNITED STATES OF AMERICA,

      Plaintiff,

v.                              No. 04-20512 B

MUJAHID MUHAMMAD,

      Defendant.

_____

ORDER DENYING ON MOTION TO RECONSIDER
DEFENDANT'S MOTION TO SUPPRESS

_____

In a one-count indictment, the Defendant, Mujahid Muhammad,[1] has been charged with being

a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The Defendant filed a motion

to suppress evidence obtained during a search at the time of his arrest. A hearing was conducted on

May 26, 2005, at the conclusion of which the motion was orally denied. Before the Court is the

Defendant's motion for reconsideration of the undersigned's determination.

According to the proof adduced at the hearing, Memphis City police officer Tommie Jones

received a dispatch on May 7, 2003 that a group of men were "hanging out and playing music" at the

Pershing Park Apartments in North Memphis. The apartments were on private property and the

management office kept a list of persons barred from entering the premises.[2] As Jones arrived at the

building, he heard music and observed three male blacks standing outside the apartments near a

_____

[1]The indictment names the Defendant as Muhammad Mujahid. However, as the
pleadings filed by the parties refer to him as Mujahid Muhammad, the Court will follow suit
herein.

[2]Although Jones did not have a copy of the list with him, it was confirmed at some point
that Muhammad was not on the list.

This document entered on the docket sheet in compliance
with Rule 55 and/or 32(b) FRCrP on _8-15-05_



vehicle. When the men saw him pull up, they began to walk away. Although two of the males stopped and were detained, the other, later identified as the Defendant, kept walking toward the apartment, ignoring Jones' instructions to come back. Instead of entering an apartment, Muhammad walked up the steps and to Jones' right through a glass doorway, and then bent down. When he came back out, the officer detained him, patted him down and asked for identification. A radio check revealed no outstanding warrants. Jones then placed the Defendant in the back seat of his police cruiser. The officer returned to the building, walked up the steps to the top of the stairwell, the location where he had seen Muhammad bend over, and observed a gun on the floor near the railing.

It is the position of the Defendant in the instant motion that the mere fact that he walked away from the officer was not sufficient to establish any more than a "hunch" on the part of Jones, which falls short of the reasonable suspicion required to sustain an investigatory stop. He further avers that the continued detention in the back of the police car after Jones satisfied himself as to Muhammad's identity became an arrest for which there was no probable cause.

The Fourth Amendment guarantees that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. Evidence obtained by a search and seizure violative of the Fourth Amendment is not admissible in a criminal trial. United States v. Wright, 16 F.3d 1429, 1434 (6th Cir.), cert. denied, 512 U.S. 1243, 114 S.Ct. 2759, 129 L.Ed.2d 874 (1994).

The Sixth Circuit has identified three types of permissible encounters between citizens and the police: "(1) the consensual encounter, which may be initiated without any objective level of

2

suspicion; (2) the investigative detention, which, if non-consensual, must be supported by a reasonable, articulable suspicion of criminal activity; and (3) the arrest, valid only if supported by probable cause." United States v. Waldon, 206 F.3d 597, 602 (6th Cir.), cert. denied, 531 U.S. 881, 121 S.Ct. 193, 148 L.Ed.2d 134 (2000). An investigative detention, as contemplated by Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), requires neither probable cause nor a search warrant and is a judicially carved-out exception to the general Fourth Amendment rule. McPherson v. Kelsey, 125 F.3d 989, 993 (6th Cir. 1997), cert. denied, 523 U.S. 1050, 118 S.Ct. 1370, 140 L.Ed.2d 518 (1998). The Constitution is satisfied with respect to an investigative stop if the officer's action is supported by a "reasonable suspicion" to believe that criminal activity may be afoot, even if probable cause is absent. United States v. Arvizu, 534 U.S. 266, 273, 122 S.Ct. 744, 750, 151 L.Ed.2d 740 (2002); United States v. Bailey, 302 F.3d 652, 658 (6th Cir. 2002). The officer, however, must be able to point to specific and articulable facts justifying his reasonable suspicion that the suspect has been or is about to be involved in criminal activity. An inarticulate hunch is not sufficient to support an investigative stop under Terry. United States v. Martin, 289 F.3d 392, 396 (6th Cir. 2002).

In effecting a Terry stop, an officer may briefly detain an individual for investigative purposes. United States v. Burns, 298 F.3d 523, 541 (6th Cir. 2002), cert. denied, 538 U.S. 953, 123 S.Ct. 1643, 155 L.Ed.2d 500 (2003). He is permitted to ask the person "a moderate number of questions to determine his identity and to try to obtain information confirming or dispelling the officer's suspicions." Martin, 289 F.3d at 396-97. In considering whether such a stop was valid, the Court must look at the totality of the circumstances--the whole picture. Id. at 396.

Nervous and evasive behavior are pertinent factors in the determination of reasonable

3

suspicion. Weaver v. Shadoan, 340 F.3d 398, 408 (6th Cir. 2003), reh'g and suggestion for reh'g en banc denied (Nov. 25, 2003) (citing Illinois v. Wardlow, 528 U.S. 119, 124, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000)). In addition, courts have found that a "seizure" occurs for purposes of the Fourth Amendment in the context of an arrest based on probable cause or an investigative stop under Terry when physical force is applied by the police on the suspect; or when the suspect submits to an officer's assertion of authority. A "show of authority" is insufficient if the suspect does not in fact yield. See California v. Hodari D., 499 U.S. 621, 626-27, 111 S.Ct. 1547, 1551, 113 L.Ed.2d 690 (1991); United States v. McKinnon, No. 04-5418, 133 Fed. Appx. 167, 169-70 (6th Cir. 2005); United States v. Thomas, No.02-5516, 77 Fed. Appx. 862, 864-65 (6th Cir. 2003); United States v. Barker, No. 01-6239, 69 Fed. Appx. 208, 212 (6th Cir. 2003); United States v. Matthews, 278 F.3d 560, 562 (6th Cir.), cert. denied, 535 U.S. 1087, 122 S.Ct. 1991, 152 L.Ed.2d 1038 (2002); United States v. Hebron, 243 F.Supp.2d 90, 94-95 (D. Del. 2003). Specifically, an officer's instruction to a suspect to "stop" is not a seizure for purposes of the Fourth Amendment. See Matthews, 278 F.3d at 562. In Hodari, the Supreme Court held that an item discarded by the suspect while fleeing may be used against him as it was not the fruit of a seizure. Hodari D., 499 U.S. at 629, 111 S.Ct. at 1552.

In this case, Officer Jones was responding to a complaint concerning males "hanging out" around an apartment complex. It is undisputed that, when the officer came upon the group, the Defendant immediately walked away and did not comply with Jones' show of authority until after he dropped the gun in the stairwell of the apartment building. As he had not been "seized" at that point, the firearm was not the "fruit" of a seizure. See Hodari D., 499 U.S. at 629, 111 S.Ct. at 1552; Thomas, 77 Fed. Appx. at 864-65. Based on his evasive conduct and the appearance that he

4

attempted to hide something in the stairwell, Officer Jones was justified in putting Muhammad in the back of his cruiser until he investigated further. Contrary to the Defendant's contentions, placing a suspect in the back seat of a police vehicle during a Terry investigation is not per se unreasonable. United States v. Terrell, No. 02-6072, 95 Fed. Appx. 746, 748 (6th Cir. 2004), cert. denied, ___ U.S. ___, 124 S.Ct. 2860, 159 L.Ed.2d 282, 72 U.S.L.W. 3749 (U.S. June 14, 2004) (No. 03-10292). Viewing the totality of the circumstances, the Court finds that the stop did not violate the Fourth Amendment.[3] Accordingly, on reconsideration, the motion to suppress is DENIED.

IT IS SO ORDERED this 12th day of August, 2005.

J/DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[3]The Defendant has cited United States v. Visnich, No. 00-4141, 2002 WL 336956 (6th Cir. Feb. 28, 2002), apparently for the proposition that detention in the back seat of a police car constitutes an arrest. However, the court did not find that such detention was per se unreasonable and, indeed, concluded that the "police clearly had a reasonable basis in fact to detain Visnich to investigate the burglary complaint." Visnich, 2002 WL 336956, at *3.

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# **Notice of Distribution**

This notice confirms a copy of the document docketed as number 49 in case 2:04-CR-20512 was distributed by fax, mail, or direct printing on August 15, 2005 to the parties listed.

---

April Rose Goode
FEDERAL PUBLIC DEFENDER
200 Jefferson Ave.
Ste. 200
Memphis, TN 38103

Katrina U. Earley
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT